UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:  1-22-cv-22606-JLK

MELANIE E. DAMIAN, as
Receiver for On Point Global LLC, *et. al.*,

        Plaintiff,

v.

HOLLY MELTON, BAKER & HOSTETLER LLP,
and CROWELL & MORING LLP,

        Defendants.

_____/

### DEFENDANT BAKER & HOSTETLER LLP'S MOTION FOR LEAVE TO FILE UNDER SEAL CONFIDENTIAL MATERIAL IN REPLY MEMORANDUM

    Defendant Baker & Hostetler LLP ("BakerHostetler"), by its undersigned counsel, pursuant to Local Rule 5.4, moves the Court for an Order granting BakerHostetler leave to file under seal the language redacted in the body of *Defendant Baker & Hostetler LLP's Reply to Plaintiff's Omnibus Response to Defendants' Motion to Dismiss* ("Reply") [DE 51, pp. 3-4, 9], which describes the contents of Exhibit A-1 to *Defendant Baker & Hostetler LLP's Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(B)(2) and 12(B)(6), Memorandum of Law in Support, and Request for Judicial Notice* ("Motion to Dismiss") [DE 38], which was filed under seal by earlier Order of the Court [DE 47].  The grounds for this motion are as follows:

    **1.**    The Court granted BakerHostetler's prior *Motion for Leave to File Under Seal* [DE 47], with respect to the same information that BakerHostetler seeks to file under seal in this motion (the "Motion").  The only difference is that BakerHostetler now seeks to seal the information in its Reply.  While Plaintiff opposed the prior motion to seal [DE 42], Plaintiff did not file an opposition.

    **2.**    Courts of the United States have the power to issue orders sealing their files and protecting confidentiality of documents.  *See e.g.*, *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307 (11th Cir. 2001) (vacating order of the trial court to unseal documents).

1

3. Local Rule 5.4(b) provides that a party seeking to file under seal must (1) set forth the factual and legal basis for departing from the policy that Court filings be public; and (2) describe the proposed sealed filing with sufficient particularly without revealing the confidential information. Although the general policy in the Southern District of Florida is that court filings are matters of public record, a court may seal documents in connection with a substantive pretrial motion where the moving party shows good cause, which requires that the balance tips in favor of its interest in keeping the information confidential and against the public's common law right of access. *In re Zantac (Ranitidine) Prod. Liab. Litig.,* No. 20-MD-2924-RLR, 2022 WL 1283832, at *2 (S.D. Fla. Apr. 7, 2022); *see also Romero v. Drummond Co.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007).

4. When determining whether good cause to seal exists, a district court must first look to "the nature and the character of the information in question." *In re Zantac (Ranitidine) Prod. Liab. Litig.,* at 2 (internal citation omitted). "When balancing the public's common-law right to access judicial records against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id*. (internal citation omitted).

5. To adequately support its Reply, BakerHostetler referenced certain communications that, under New York Rule of Professional Conduct 1.6 ("Rule 1.6"), may constitute "confidential information" relating to representation of a client that BakerHostetler must ordinarily not publicly reveal - except in certain enumerated circumstances.[1] Rule 1.6(a); *see also* New York Rule of Professional Conduct 1.9(c) (governing use of "confidential information" of a former client). One such circumstance, in which a lawyer may reveal confidential information, is "to defend the lawyer or the lawyer's employees and associates against an accusation of wrongful conduct." Rule 1.6(b)(5)(i); *see also* Rule 1.9(c)(1) and (2). The lawyer "may respond to the extent the lawyer reasonably believes necessary to establish a defense." Rule 1.6, Comment [10]. Nonetheless, "[i]f the disclosure will be made in connection with an adjudicative proceeding, the

---

[1] Plaintiff filed documentation in this case contending that BakerHostetler's representation of the OPG Entities began as early as March 2017 [DE 45, pp. 2-3, 6, 16; DE 45-1, ¶ 7].

disclosure should be made in a manner that limits access to the information to the tribunal or other persons having a need to know the information, and appropriate protective orders or other arrangements should be sought by the lawyer to the fullest extent practicable." Rule 1.6, Comment [14].[2]

6. Further, questions exist regarding Plaintiff's authority to bring this lawsuit, including whether Plaintiff had and/or retains the authority to waive the attorney-client privilege, and other privileges, arising out of BakerHostetler's representation and legal services that are the subject of the instant lawsuit. Plaintiff pleads her appointment as receiver pursuant to a December 13, 2019 *Order Granting Ex Parte Temporary Restraining Order and to Show Cause* (ECF No. 17 in FTC Enforcement Action) in a lawsuit styled *Federal Trade Commission v. On Point Global LLC, et al.*, Case No. 19-25046-cv-Scola (the "FTC Enforcement Action"). Plaintiff further pleads as a basis for her appointment a January 14, 2019[3] *Order Granting Motion for Preliminary Injunction* in the FTC Enforcement Action. *See* ECF No. 126 in FTC Enforcement Action.

7. However, on December 1, 2022, the court presiding over the FTC Enforcement Action granted Plaintiff's *Motion for Partial Discharge and to Convert to a Limited Receiver*. *See* ECF No. 656 in FTC Enforcement Action. *See* Exhibit 1. This order discharged Plaintiff from certain obligations while simultaneously ordering Plaintiff to "turn over all operational control and operating accounts." *Id.* The order does not specify to whom Plaintiff shall turn over all operational control and operating accounts. *Id.* While the order does authorize Plaintiff "to continue to prosecute the Estate's claims for legal malpractice . . . that arose out of the conduct that formed the basis of the FTC Action," the order is silent regarding whether and to what extent

---

[2] BakerHostetler handled the representation and rendered the advice at issue in this action from its New York office. Yet the same analysis would apply under Florida Rule of Professional Conduct 4-1.6 ("Rule 4-1.6"). A lawyer may reveal information relating to representation of a client "to establish a defense to a . . . civil claim against the lawyer based on conduct in which the client was involved." Rules Regulating the Florida Bar, Rule 4-1.6(c)(3). Nonetheless, Rule 4-1.6 requires that, "[w]hen disclosure is . . . permitted, the lawyer must disclose no more information than is required to meet the requirements or accomplish the purposes of this rule." Rule 4-1.6(e). The Comment to Rule 4-1.6 further provides that, in such circumstances, "disclosure should be no greater than the lawyer reasonably believes is necessary to vindicate innocence, the disclosure should be made in a manner that limits access to the information to the tribunal or other persons having a need to know it, and appropriate protective orders or other arrangements should be sought by the lawyer to the fullest extent practicable." *Id.*

[3] This Order is dated January 14, 2020.

3

Plaintiff owns and/or controls (and thus has the ability to waive) the attorney-client privilege, and other privileges, arising out of BakerHostetler's representation and legal services that are the subject of the instant lawsuit.

8. The language in the Reply that describes the contents of Exhibit A-1 of the Motion to Dismiss constitutes information conveyed to the OPG Entities at a time when Plaintiff contends an attorney-client relationship existed. This language, thus, should be filed "in a manner that limits access to the information to the tribunal or other persons having a need to know the information," as the Comment to Rule 1.6 requires. Sealing is further warranted considering the pending questions discussed above, regarding the Plaintiff's authority to bring this lawsuit and waive the attorney-client privilege, and other privileges, arising out of BakerHostetler's representation and legal services that are the subject of the instant lawsuit. As a result, BakerHostetler requests that the Court grant this Motion and enter an Order granting BakerHostetler leave to file under seal the language in the Reply describing the contents of Exhibit A-1 to the Motion to Dismiss.

9. BakerHostetler further proposes that the language in the Reply describing the contents of Exhibits A-1 to the Motion to Dismiss remain under seal until (i) the Court has entered a Final Judgment in this case or (ii) all former clients of BakerHostetler who may claim privilege or confidentiality have consented to its public disclosure.

10. For the reasons argued herein, good cause exists for an order granting the Motion and permitting BakerHostetler to file under seal the language in the Reply [DE 51, pp. 3-4, 9] that describes the contents of Exhibits A-1 to the Motion to Dismiss.

WHEREFORE, Defendant Baker & Hostetler LLP requests that the Court enter an Order permitting BakerHostetler to file under seal the language in the Reply [DE 51, pp. 3-4, 9], which describes the contents of Exhibit A-1 to the Motion to Dismiss, which was previously filed under seal, and grant such other and further relief as the Court deems just under the circumstances.

## CERTIFICATE OF L.R. 7.1(a)(3) GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for BakerHostetler conferred with counsel for the Plaintiff and counsel for Defendants Holly Melton and Crowell & Moring LLP in a good faith effort to resolve the issues raised by this Motion.

Defendants Holly Melton and Crowell & Moring LLP do not oppose the relief sought. The Plaintiff opposes the relief sought.

Respectfully submitted,

/s/ David R. Atkinson
DAVID R. ATKINSON
Florida Bar No.: 767239
datkinson@gunster.com
mmargolese@gunster.com
eservice@gunster.com
STEPHEN C. RICHMAN
Florida Bar No.: 1015692
srichman@gunster.com
jfirogenis@gunster.com
ARON U. RASKAS
Florida Bar No.: 1022416
araskas@gunster.com
mmotola@gunster.com

GUNSTER, YOAKLEY & STEWART, P.A.
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone: (561) 650-0595
Facsimile: (561) 655-5677

*Counsel for Defendant Baker & Hostetler LLP*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 20, 2023 a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case.

/s/ David R. Atkinson
David R. Atkinson
Stephen C. Richman

ACTIVE:16757315.1