UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MELANIE E. DAMIAN, as Receiver for On Point Global LLC, *et al.*,

       *Plaintiff*,

- against -

HOLLY MELTON, BAKER & HOSTETLER LLP, and CROWELL & MORING LLP,

       *Defendants.*

Case. No. 1:22-cv-22606-JLK

## NOTICE OF DISCOVERY HEARING

**PLEASE TAKE NOTICE** that Defendants Holly Melton ("Melton"), Crowell & Moring LLP ("Crowell"), and Baker & Hostetler LLP ("Baker") have scheduled a discovery hearing before Magistrate Judge Lisette M. Reid on **Thursday, May 16, 2024 at 11:00 a.m.** via Zoom web conference.[1] The purpose of the hearing is to address Defendants' requests, made as directed by the Court's April 5, 2024 Order (ECF No. 134) ("April 5 Order"), that the Court order Plaintiff to : (1) run previously agreed search terms over nine desktop and one laptop computers identified by Plaintiff, in response to the April 5 Order, as previously preserved but unsearched data sources, and produce responsive documents; (2) run certain Post-2019 Search Strings (described more fully below) over the Slack Direct Messages that the Court ordered Plaintiff, in the April 5 Order, to migrate onto a platform that can be searched; (3) produce hit reports of Slack messages searched by Plaintiff and immediately produce responsive materials without conducting a unilateral

---

[1] The Zoom meeting information is: Meeting ID: 160 859 1774; Passcode: 849951. *See May 7, 2024* Paperless Order Setting Discovery Hearing (ECF No. 135).

ACTIVE:22403516.1

"relevancy review" of such materials; and, additonally (4) Defendants' request for leave to take the deposition of Adam Rioux, President of Avenue I Media. The discovery disputes are described more fully below and in the materials attached hereto as Exhibits A-F.

Substance of Each Discovery Matter to be Heard

1.  **Plaintiff's Refusal to Search Previously Unsearched Computers that the Court Ordered Plaintiff to Identify.** The April 5 Order ordered Plaintiff to provide Defendants with an index identifying with specificity each source of data that the Receiver had previously preserved and to meet and confer with Defendants about additional searches tied to discovery requests that Defendants request be run over the newly identified data sources that had not been searched. *See* ECF No. 134. On April 10, 2024, Plaintiff produced an Inventory of such data sources (Exhibit A hereto) and, after further correspondence, confirmed that she had not searched seventeen desktop computers and seven laptop computers listed in the Inventory, including the desktop of On Point's General Counsel, Brent Levison. Ex. B. Defendants seek an order from the Court compelling Plaintiff to run the previously agreed search terms across nine of the seventeen desktops and one of the seven laptops that Defendants believe are especially likely to contain relevant documents, and that should have been searched at the outset of discovery.

2.  **Disputes Relating to Searches and Production of Slack Data.** The April 5 Order directed Plaintiff to migrate missing Slack messages onto a searchable database, and instructed the parties to reach agreement (or declare impasse) on search terms to run across that database by April 19. ECF No. 134 at 2-3. While the parties reached agreement on all custodians and most search terms, several key issues remain in dispute. The current proposed search strings, reflecting the parties' negotiations, are attached as Exhibit C. Plaintiff has agreed to all the strings in Exhibit C

except for the highlighted Pre-2019 String 5 and Post-2019 Strings 9-13.  *See* Exhibits D-E. Three issues remain in dispute:

  a. Defendants seek an order prohibiting Plaintiff from conducting a unilateral "relevancy review" of responsive Slack data and, instead, produce this data as required by the Court's April 5 Order.

  b. The parties are at an impasse over Pre-2019 String 5.  Defendants seek an order compelling Plaintiff to run Pre-2019 String 5 as drafted by Defendants and produce responsive documents.

  c. Plaintiff refuses to run Post-2019 String 9 in its current form or Post-2019 Strings 10-13 in any form.  Defendants seek an order compelling Plaintiff to run Post-2019 String 9 and 10-13 as drafted by Defendants and produce responsive documents.

  **3.** **Leave to Take the Deposition of Adam Rioux**.  Defendants request the Court to grant them leave to take the deposition of Adam Rioux, who is the President of Avenue I Media, an entity that until just several months ago was wholly owned by Plaintiff.

<u>Local Rule 7.1(a)(3) Certification</u>

Defendants have made continuing efforts to resolve or narrow the foregoing discovery disputes as described below and evidenced in the Exhibits hereto. As directed by the court in the April 5 Order, the parties have conferred on these issues through multiple emails exchanged between April 12, 2024 and May 6, 2024.  On April 17, 2024, counsel for Defendants conferred by telephone with counsel for Plaintiff.  Thereafter, on May 2, 2024, Counsel for Defendants wrote to counsel for Plaintiff requesting the opportunity to have a telephone call to discuss these matters but received no response. Again on May 6, 2024, counsel for Defendants called the office of Plaintiff's counsel in an effort to discuss with Plaintiff's counsel the issue pertaining to the

deposition of Adam Rioux, but received no response.  Despite all of these efforts, Defendants have been unable to resolve with Plaintiff the issues outlined above.

        Respectfully Submitted,

Dated:  May 14, 2024  /s/ Aron U. Raskas
        DAVID R. ATKINSON
        Florida Bar No.: 767239
        datkinson@gunster.com
        STEPHEN C. RICHMAN
        Florida Bar No.: 1015692
        srichman@gunster.com
        ARON U. RASKAS
        Florida Bar No.: 1022416
        araskas@gunster.com
        GUNSTER, YOAKLEY & STEWART, P.A.
        777 South Flagler Drive, Suite 500 East
        West Palm Beach, FL 33401
        Telephone: (561) 650-0595
        Facsimile: (561) 655-5677
        *Counsel for Defendant Baker & Hostetler LLP*

        Isaac J. Mitrani (No. 348538)
        Daniel S. Bitran (No. 124041)
        MITRANI, RYNOR, ADAMSKY & TOLAND, P.A.
        301 Arthur Godfrey Road, Penthouse
        Miami Beach, Florida 33140
        Tel: (305) 358-0050
        imitrani@mitrani.com
        dbitran@mitrani.com

        Frederick B. Warder III (*pro hac vice*)
        Alejandro H. Cruz (*pro hac vice*)
        Dakotah M. Burns (*pro hac vice*)
        PATTERSON BELKNAP WEBB & TYLER LLP
        1133 Avenue of the Americas
        New York, NY 10036
        Tel: (212) 336-2000
        fbwarder@pbwt.com
        acruz@pbwt.com
        dburns@pbwt.com

        *Attorneys for the Crowell Defendants Crowell & Moring LLP and Holly Melton*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic transmission via this Court's CM/ECF filing system on the 14th day of May, 2024, on all counsel and/or parties who have appeared in the above-styled action.

        */s/ Aron U. Raskas*
        Aron U. Raskas